NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0409n.06

No. 11-1358

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 13, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,  )
              )
  Plaintiff-Appellee,  )
              )  ON APPEAL FROM THE UNITED
v.  )  STATES DISTRICT COURT FOR THE
              )  EASTERN DISTRICT OF MICHIGAN
ARTHUR THOMAS TUCKER,  )
              )
  Defendant-Appellant.  )
              )

Before: MARTIN, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. Arthur Tucker pleaded guilty to one count of using a telephone to threaten injury or destruction by explosives, in violation of 18 U.S.C. § 844(e). The district court sentenced him to 37 months' imprisonment. For the following reasons, we vacate the district court's sentence and remand for resentencing.

Tucker urges the court to reverse the district court's imposition of the four-level "substantial disruption of business function" enhancement under § 2A6.1(b)(4). We review legal conclusions regarding application of the Guidelines de novo and factual findings in applying the Guidelines for clear error. *United States v. Jackson*, 635 F.3d 205, 207 (6th Cir. 2011). The § 2A6.1(b)(4) enhancement applies when "the offense resulted in . . . substantial disruption of public, governmental,

or business functions or services." The district court noted the following facts in explaining its decision to apply the enhancement:

> [I] have a letter from Blue Cross Blue Shield which indicates that their losses on this were on the order of $558,000. In addition to that, the threat of this nature, which was a bomb threat, no matter why it was made, required Blue Cross Blue Shield to completely empty out their headquarters tower downtown, and in the middle of a business day I might add, and I think that clearly any objective officer would -- well, this objective court officer would conclude that that was a substantial disruption of the business practices of Blue Cross Blue Shield.

Neither party disputes these facts, all of which appear in the Presentence Investigation Report. At the sentencing hearing, the district court adopted the factual findings in the PSR without objection from either party.

As the district court and both parties note, little case law exists regarding the scope of § 2A6.1(b)(4). But our sister circuits apply the enhancement in cases involving disruptions similar in scale to those that Tucker caused in this case. *See, e.g.*, *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006) (applying enhancement because the defendant's "threatening letter resulted in closing half a floor of the state courthouse for two hours and the suspension of judicial business involving [a judge] for longer than that" and "the hazardous materials unit responded to the emergency and an officer and [the judge's] secretary were placed under quarantine while the FBI determined whether the white powder from the envelope contained anthrax"). We do likewise and reject Tucker's § 2A6.1(b)(4) challenge.

No. 11-1358
*United States v. Tucker*

Tucker, citing *Tapia v. United States*, 131 S. Ct. 2382 (2011), also contends that the district court erred by increasing the length of his prison term in order to promote his rehabilitation. The government agrees, as do we. In *Tapia*, which the Supreme Court issued three months after Tucker filed his appeal, the Court held that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." 131 S. Ct. at 2391. The Court then remanded Tapia's case for resentencing because the sentencing court's statement of reasons suggested that it "may have selected the length of the sentence to ensure that Tapia could complete the 500 Hour Drug Program." *Id.* at 2392.

The following passage from the district court's statement of reasons raises the possibility that the district court selected Tucker's sentence in part based on the reasons held impermissible in *Tapia*.

> It is not evident that you are a violent or . . . drug-dealing or gun-wielding person. But by the same token, criminal history, we have 13 pages of material here and, candidly, I think it's up to the Court at this point to put an end to this and put you in a position where you can get some help and some treatment, and my sentence will be designed to do that.

For these reasons, we VACATE the district court's sentence and REMAND the case for resentencing in light of *Tapia*.

3