**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Justin Tyler CARTER, Defendant–Appellant.**

**No. 15-6239**

United States Court of Appeals, Sixth Circuit.

Filed June 9, 2016

Van S. Vincent, Assistant U.S. Attorney, Office of the U.S. Attorney, Nashville, TN, for Plaintiff–Appellee.

Dumaka Shabazz, Anne–Marie Moyes, Federal Public Defender's Office, Nashville, TN, for Defendant–Appellant.

BEFORE: COOK and KETHLEDGE, Circuit Judges; SARGUS, District Judge.\*

PER CURIAM.

Justin Tyler Carter appeals his sentence.

Carter pleaded guilty to conveying false information concerning the unlawful use or attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 1038(a)(1), and mailing a communication containing a threat to injure, in violation of 18 U.S.C. § 876(c). The convictions arose from an incident in which Carter mailed to

---

\* The Honorable Edmund A. Sargus, Jr., Chief United States District Judge for the Southern District of Ohio, sitting by designation.

a district attorney's office a letter that made death threats and contained a white, powdery substance that the letter identified as anthrax.

The district court determined that Carter's total offense level was 19, which included a four-level increase under U.S.S.G. § 2A6.1(b)(4)(A) because Carter's threatening letter caused a substantial disruption to public or governmental functions or services. Based on his total offense level of 19 and criminal history category of VI, Carter's guidelines range of imprisonment was 63 to 78 months. The district court sentenced him to concurrent prison terms of 60 months.

On appeal, Carter raises the following arguments: (1) the district court erred by applying the four-level enhancement under § 2A6.1(b)(4)(A) because his threatening letter did not cause a substantial disruption to governmental services; and (2) his sentence is substantively unreasonable. We review a district court's legal conclusions regarding application of the guidelines de novo and its factual findings for clear error. *United States v. Jackson*, 635 F.3d 205, 207 (6th Cir. 2011). Under U.S.S.G. § 2A6.1(b)(4)(A), a four-level increase applies if the offense resulted in substantial disruption of public, governmental, or business functions or services.

■ The district court did not err by applying the enhancement under § 2A6.1(b)(4)(A). The government presented evidence that, as a result of Carter's threatening letter, a district attorney's office had to be mostly shut down from 10:30 a.m. through the end of the business day. Several employees were prevented from entering the office and some were sent home. In addition, emergency medical personnel responded to the scene and placed the secretary who opened the letter under observation, and a hazardous materials team had to inspect the entire office.

Those facts are sufficient to establish that Carter's offense substantially disrupted public or governmental functions or services. *See United States v. Tucker*, 468 Fed.Appx. 610, 611 (6th Cir. 2012) (affirming the enhancement when a business emptied its headquarters in response to a bomb threat); *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006) (affirming the enhancement when a state courthouse closed half a floor for two hours and a hazardous materials unit investigated).

Carter also argues that his sentence is substantively unreasonable because the district court gave too much weight to the sentencing range recommended by the guidelines and failed to properly consider the extent of his mental-health issues. We review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, fails to consider a pertinent sentencing factor, or gives unreasonable weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and a defendant's burden to demonstrate that a below-guidelines sentence is unreasonable is even more demanding, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

■ Carter has not overcome the presumption that his below-guidelines sentence is substantively reasonable. Before imposing the sentence, the district court thoroughly discussed the relevant sentencing factors, including the nature of Carter's offenses, his criminal history and

personal circumstances, and the need to afford adequate deterrence, promote respect for the law, protect the public, and provide mental-health treatment. And the court reasonably concluded that, although Carter has a long history of serious mental-health issues, the 60-month sentence was warranted in light of the seriousness of the offenses and Carter's extensive criminal history.

Accordingly, we **AFFIRM** Carter's sentence.