NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0144n.06

No. 16-1823

**FILED**
Mar 06, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| KALILU MASTASA BLACKMAN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE:   CLAY, GIBBONS, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Defendant Kalilu Blackman appeals his sentence, arguing that his designation as a career offender was substantively unreasonable in light of a recent Report from the United States Sentencing Commission.  Because the district court imposed a reasonable sentence, we **AFFIRM**.

## I.  BACKGROUND

Blackman pled guilty to one count of possessing with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and stipulated to the possession of a firearm as a convicted felon.  The Pre-Sentence Report determined that Blackman was a career offender under USSG §4B1.1 based on his previous controlled substance convictions, resulting in a guideline range of 188 to 235 months.  Blackman requested a downward variance, arguing that the guideline range resulted in a sentence that was "excessive and . . . 'greater than

necessary' to serve the purposes of sentencing." The district court rejected the request for a downward variance and imposed a sentence of 188 months. Blackman filed a timely appeal.

## II. ANALYSIS

We review a sentence for substantive reasonableness under the abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007). Sentences within the applicable Guidelines range are afforded a presumption of reasonableness. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). A sentence may be substantively unreasonable if the court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Blackman argues that his sentence is substantively unreasonable because it is greater than necessary to further statutory sentencing purposes. He bases this argument on a Report from the U.S. Sentencing Commission, the independent agency in the judicial branch created by Congress to establish sentencing policies and practices for the federal courts. The Commission recommends that Congress no longer include as career offenders those who qualify "based solely on drug trafficking offenses." U.S. Sentencing Comm'n, *Report to the Congress: Career Offender Sentencing Enhancements* (2016) at 3, available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf#page=47. The Report is the result of a multi-year study, conducted in the context of policy concerns regarding "overly severe penalties for certain offenders" and "growing criticisms regarding the scope and impact of certain recidivist statutes and guidelines provisions." *Id.* at 7. It concludes that the "career offender directive is best focused on those offenders who have committed at least one 'crime of violence,'" and that

reforms "would help ensure that federal sentences better account for the severity of the offenders' prior records, protect the public, and avoid undue severity for certain less culpable offenders." *Id.* at 3.

The mission of the Sentencing Commission is to collect, analyze, and distribute information on federal crime and sentencing to all branches of the federal government, practitioners, academics, and the public. It is charged with establishing guidelines concerning the appropriate form and severity of punishment for federal offenders. Though the Commission, operating within its congressional mandate and its expertise, has issued its findings and recommendations, Congress has not yet considered the Report. And while sentencing judges may certainly consider arguments based on research compiled by the Commission pursuant to its mission, the recommendations are not law at this point. Because the record demonstrates that Blackman's sentence was based on appropriate considerations and was otherwise within the applicable guideline range, the district court did not abuse its discretion in sentencing him.

### III. CONCLUSION

Accordingly, we **AFFIRM** Blackman's sentence.