**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0055n.06

**No. 18-1375**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 31, 2019
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| DAQONE LENTELL WILLIAMS, | |
| Defendant-Appellant. | |

---

BEFORE:    CLAY, McKEAGUE, and WHITE, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Daqone Williams appeals his designation as a career-offender and the sentence imposed by the district court after Williams pleaded guilty to one count of Distribution of a Controlled Substance—Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); three counts of Distribution of a Controlled Substance—Heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); one count of Possession with Intent to Distribute Controlled Substance—Heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); and one count of Possession with Intent to Distribute Controlled Substance—Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii).

The Court affirms Williams' career-offender designation and sentence for the reasons set out below.

I.        FACTUAL AND PROCEDURAL HISTORY

The government filed a six-count indictment against Williams. Williams pleaded guilty to each count without a written plea agreement.

In anticipation of sentencing, the government filed a Presentence Investigation Report ("PIR"). The PIR calculated Williams' Total Offense Level as 31. The PIR found that Williams qualified as a "career offender" under the sentencing guidelines because he had three prior "controlled substance offenses" as defined in U.S.S.G. § 4B1.2: (1) a 2006 conviction in Michigan for "Delivery/Manufacturing Narcotic or Cocaine, Less than 50 Grams," in violation of M.C.L. § 333.7401(2)(a)(iv); (2) a 2007 conviction in Michigan for "Controlled Substance— Delivery/Manufacture Marijuana," in violation of M.C.L. § 333.7401(2)(d)(iii); and (3) a 2010 conviction in Michigan for "Controlled Substance—Delivery/Manufacture Marijuana," also in violation of M.C.L. § 333.7401(2)(d)(iii). Based on Williams' status as a career offender, the PIR calculated his Criminal History Category as VI. The PIR stated that based on a Total Offense Level of 31 and a Criminal History Category of VI, Williams' guideline range was 188 to 235 months' imprisonment.

Williams filed objections to the PIR's classifying him as a career offender. Williams argued that the statute under which he was previously convicted for his two predicate marijuana offenses, M.C.L. § 333.7401(2)(d)(iii), is "overbroad" and that the *Shepard* documents provided by the government failed to remedy this overbreadth.[1] Williams reiterated his objection to the PIR's career-offender classification at sentencing. After overruling Williams' objection, the district court granted Williams' motion for a variance and imposed a sentence of 140 months.

This appeal followed.

---

[1] Williams does not challenge the PIR's conclusion that his 2006 cocaine conviction constituted a predicate offense.

## II.     DISCUSSION

### A.     WILLIAMS WAS PROPERLY CLASSIFIED AS A CAREER OFFENDER

#### 1.     Standard of Review

"A district court's determination that a prior offense qualifies either as a crime of violence or as a controlled substance offense is a legal determination, which we review *de novo.*" *United States v. Evans*, 699 F.3d 858, 862 (6th Cir. 2012) (citing *United States v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007)).

#### 2.     Relevant Legal Principles

The Sentencing Guidelines classify a defendant as a "career offender" if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Guidelines define the term "controlled substance offense" as "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). "The term 'controlled substance' means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V . . . ." 21 U.S.C. § 802(6). Marijuana is a Schedule I controlled substance. 21 U.S.C. § 812.

"To determine whether a given law is a controlled substance offense within the meaning of USSG § 4B1.2(b), we apply the two-step 'categorical approach.'" *United States v. Pittman*, 736 F. App'x 551, 554 (6th Cir. 2018) (citing *Mathis v. United States*, ⸺ U.S. ⸺, 136 S. Ct. 2243, 2248–49 (2016)). This Court first asks "if the statute is divisible—that is, if it 'lists elements in the

alternative such that the statute comprises multiple, alternative versions of the crime.'" *Id.* (quoting *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017)). If the statute is divisible, "we employ the 'modified categorical approach' and consult 'a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction.'" *Id.* (alteration in original) (quoting *House*, 872 F.3d at 753). In the second step, the Court determines "whether the offense, as described either by the entirety of an indivisible statute or by the relevant alternative of a divisible statute, matches § 4B1.2(b)'s definition of a 'controlled substance offense.'" *Id.* (quoting *House*, 872 F.3d at 753–54.)

### 3. Analysis

The Michigan controlled substance statute provides that "a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form." M.C.L. § 333.7401(1).[2] This Court has repeatedly held that M.C.L. § 333.7401 is divisible. *See House*, 872 F.3d at 753–54; *Pittman*, 736 F. App'x at 554; *United States v. Tibbs*, 685 F. App'x 456, 462–64 (6th Cir. 2017). Accordingly, this Court must identify the particular subsection that Williams was convicted of violating. *See Pittman*, 736 F. App'x at 554. As this Court recently recognized, "Michigan courts frequently note that the specific substance a defendant is charged with possessing or delivering is one of the elements of a § 333.7401 violation." *Id.* at 555.

The district court did not err by applying a career-offender enhancement based on Williams' two prior felony marijuana convictions. In 2007 and 2010, Williams was convicted of violating M.C.L. § 333.7401(2)(d)(iii) (amended Dec. 21, 2010). Both Felony Complaints and

---

[2] The statute contained the same provision during the period when Williams was convicted of his prior marijuana offenses. *See, e.g.*, *People v. Abramczyk*, No. 253449, 2005 WL 2517052, at *1 (Mich. Ct. App. Oct. 11, 2005); *People v. Brown*, 755 N.W.2d 664, 673 (Mich. Ct. App. 2008).

Felony Informations state that Williams "did possess with intent to deliver the controlled substance marijuana," abbreviated as "CONT SUBS-DELY/MFG" marijuana, and the Judgments of Sentence for both convictions specify that Williams pleaded guilty to the crime of "CONT SUBS-DELY/MFG MARIJUANA." (*See* R. 23-1 at PageID #74–76 (2007); *id.* at PageID #77–79 (2010).) Furthermore, while § 333.7401 involves several types of drug offenses, subsection § 333.7401(2)(d)(iii) applies only to marijuana. *See* M.C.L. § 333.7401(2)(d)(iii).[3] Accordingly, there is no doubt that Williams' 2007 and 2010 convictions were for possession with intent to deliver or manufacture marijuana rather than for other conduct that § 333.7401 prohibits.

MCL § 333.7401(2)(d)(iii) falls squarely within the Guidelines definition of a controlled substance offense. Therefore, the district court did not err by finding that Williams' prior felony marijuana convictions qualified as predicate offenses for purposes of his career offender enhancement. *See House*, 872 F.3d at 753–54; *Tibbs*, 685 F. App'x 462–64.

Williams argues that district court erred by concluding that his prior marijuana convictions qualified as predicate offenses because the government failed to offer documents to "eliminate the statutory overbreadth [in § 333.7401] to make clear the nature of [his] prior marijuana convictions." (Def. Br. at 11.) This argument lacks merit. For both of his prior marijuana convictions, the government provided the Felony Complaints, the Felony Informations and the Judgments of Sentence. These documents leave no doubt about the nature of Williams' prior § 333.7401 convictions; they definitively establish that that Williams pleaded guilty to possession with the intent to deliver marijuana in violation of § 333.7401(2)(d)(iii).

---

[3] M.C.L. § 333.7401(2)(d)(iii) was amended after Williams' convictions to apply to substances beyond marijuana. Our holding today only addresses the version of the statute in effect prior to December 21, 2010.

Williams also argues that the district court improperly relied on the charging documents because he did not admit to or adopt the allegations in the Felony Complaints. But, as this Court has repeatedly stated, "a sentencing court may look to the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *United States v. Robinson*, 333 F. App'x 33, 35 (6th Cir. 2009) (internal quotation mark omitted) (quoting *States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006)). Thus, the district court did not err by consulting the charging documents. *Id.*

Williams cites *United States v. King*, 853 F.3d 267 (6th Cir. 2017) to support his argument that the district court impermissibly consulted the charging documents. But *King* actually undermines Williams' argument. In *King*, this Court held that a district court may consult "charging documents" when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act. *Id.* at 276 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). In fact, in *King*, this Court *explicitly* looked to the indictments to determine whether they sufficiently explicated the nature of the relevant predicate offenses. *Id.*

While this Court held in *King* that sentencing courts may not consider "superfluous facts" in charging documents that the defendant did not necessarily plead guilty to, absent other corroborating evidence that the defendant affirmed the accuracy of those facts, this Court also stated that "[i]nsofar as a sentencing court's task is to identify which *elements* underlie a prior conviction, the terms of the charging document will always be appropriate to consider: a conviction necessarily means the elements . . . ." *Id.* at 277 (emphasis in original). The only question in this case is whether Williams' previous convictions under § 333.7401(2)(d)(iii) qualify as predicate offenses. The Court need not look beyond the charging documents—which contain the elements of the offenses and clearly indicate that Williams' prior offenses were for marijuana—to answer

this question in the affirmative. Accordingly, the district court did not err by considering the charging documents in finding that Williams' two prior marijuana convictions under § 333.7401(2)(d)(iii) qualified as predicate offenses. *See generally*, *United States v. Brown*, 727 F. App'x 126, 129 (6th Cir. 2018); *House*, 872 F.3d at 753–54; *Tibbs*, 685 F. App'x 462–64.

For the above-stated reasons, the trial court did not err by finding that Williams' two prior felony marijuana convictions qualified as predicate offenses under U.S.S.G. § 4B1.1(a).

### B. WILLIAMS' SENTENCE IS SUBSTANTIVELY REASONABLE

#### 1. Standard of Review

When reviewing the substantive reasonableness of the district court's sentencing decision, this Court applies a deferential abuse-of-discretion standard. *United States v. Solano-Rosales*, 781 F.3d 345, 355–56 (6th Cir. 2015). The defendant bears the burden to prove substantive unreasonableness. *United States v. Green*, 729 F. App'x 416, 421 (6th Cir. 2018) (citing *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011)).

#### 2. Analysis

Williams argues that his below-guidelines sentence is substantively unreasonable because it exceeds the average sentence given to career offenders whose predicate acts involved non-violent drug offenses. Williams also contends that his sentence is substantively unreasonable because two of his prior convictions involved marijuana, which is now legal in some form in many states. Williams also relies heavily on a 2016 report from the United States Sentencing Commission that recommends, among other reforms, that Congress amend the career offender classification to "differentiate between offenders with different types of criminal records" and reserve career-offender status for offenders who have committed crimes of violence. *U.S.*

*Sentencing Comm'n, Report to Congress: Career Offender Sentencing Enhancements (2016)*.

Williams' arguments lack merit.

When determining what sentence to impose, § 3553(a) requires the sentencing court to consider the following factors, among others inapplicable here:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> . . .
>
> (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).

 "A sentence is substantively reasonable if it is 'proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a).'" *Solano-Rosales*, 781 F.3d at 356 (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). "In contrast, a sentence is 'substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018) (quoting *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016)). "We presume the reasonableness of a within-guidelines sentence." *Green*, 729 F. App'x at 421 (citing *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc)). "[A]nd a defendant's burden to

demonstrate that a below-guidelines sentence is unreasonable is even more demanding." *United States v. Carter*, 651 F. App'x 474, 476 (6th Cir. 2016) (citing *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008)).

Williams has failed to satisfy his heavy burden to show that his below-guidelines sentence is substantively unreasonable. Prior to imposing sentence, the district court analyzed the applicable sentencing factors. The district court noted that Williams' current conviction involved distribution of heroin and crack cocaine. The district court reviewed Williams' employment history and found that Williams has "never held a job" and is a "professional drug dealer" who "showed no desire to be employed." (R. 33 at PageID #217.) The district judge court also considered Williams' family history, noting that Williams' mother suffers from bipolar disorder and that Williams has three children but is behind on child support payments. The sentencing judge discussed Williams' criminal history and found that Williams "presents a risk to society" because he "deals drugs for money[,]" because "he's beaten up people[,]" and because "[h]e violates his bond." (*Id.* at PageID #220.) However, despite the sentencing judge's concerns, he still granted Williams' motion for a downward variance because two of Williams' prior convictions "were [for] marijuana" and because he "want[ed] to give Mr. Williams a chance." (*Id.* at PageID #220–21.) The district court sentenced Williams to 140 months' imprisonment, 48 months lower than the low-end of the guideline range. We find no error in the district court's approach.

Additionally, the sentencing judge did not err by failing to consider the recommendations in the Sentencing Commission's 2016 report. This Court has repeatedly held that "while sentencing judges may certainly consider arguments based on research compiled by the Commission pursuant to its mission, the recommendations are not law at this point." *Pittman*, 736 F. App'x at 556 (quoting *United States v. Blackman*, 678 F. App'x 400, 401 (6th Cir. 2017)).

Further, Williams did not make this argument to the district court. "We cannot find that the sentencing court abused its discretion by failing to consider an argument that Defendant did not raise, particularly where, as here, the court would have been obligated only to consider—not to accept—the argument." *United States v. Embry*, 728 F. App'x 544, 548 (6th Cir. 2018) (citations omitted).

For these reasons, the Court concludes that Williams' below-guidelines sentence is substantively reasonable.

## III.     CONCLUSION

The Court **AFFIRMS** the decision of the district court.