RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0313p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEREMY L. CRUZ,

*Defendant-Appellant.*

No. 19-4160

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:19-cr-00312-1—John R. Adams, District Judge.

Decided and Filed:  September 24, 2020

Before:  GUY, CLAY, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Jeffrey P. Nunnari, JEFFREY NUNNARI LAW, Toledo, Ohio, for Appellant.
Matthew B. Kall, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

RALPH B. GUY, JR., Circuit Judge.  Jeremy Cruz was sentenced to 188 months of
imprisonment after he pleaded guilty to three offenses: transporting a minor with intent to engage
in sexual activity; receiving child pornography; and transporting child pornography.  Cruz had
maintained a two-year online relationship with the victim before he picked her up in California,
traveled across the country, and had sex with her on multiple occasions.  Cruz appeals his

sentence, arguing the district court erred in imposing a two-level offense enhancement on Count 1 for "unduly influenc[ing] a minor to engage in prohibited sexual conduct."    USSG § 2G1.3(b)(2)(B).

It was not an abuse of discretion for the sentencing court to impose the enhancement. But even if that were not the case, any claimed error is harmless.    The application of the enhancement did not alter Cruz's Sentencing Guidelines range or resulting sentence because Cruz was sentenced to a term of imprisonment at the top of the Guidelines range established by Counts 2 and 3—which did not include the undue-influence enhancement.    Accordingly, Cruz's sentence is AFFIRMED.

## I.

### A.  Facts

In early 2017, Cruz made acquaintance over the internet with the minor victim in this case, "M.C.," a 12-year-old female who resided in Santa Maria, California.  M.C., however, told Cruz she was nearly 17 years of age.  At that time, Cruz was approximately 37 years of age and resided with his mother in Elyria, Ohio.

Over the next two years, Cruz and M.C. communicated through cell phone text messages, social media, and various digital apps.    When Cruz asked M.C. about her age on various occasions, she "dodged" the question.    But M.C. would occasionally "slip up really bad" by mentioning she was "grounded," "suspended from school," or "in trouble with her mom."    As a result, M.C. was sure Cruz knew that she was a teenager because "he was not stupid."[1]    After M.C. became worried Cruz was "getting bored with the online relationship," she began sending pictures of herself clothed and unclothed.    At least one of the images M.C. sent to Cruz included a message, stating verbatim, "here is what you requested."

On April 13, 2019, about two years after Cruz and M.C. first met online, Cruz drove from Ohio to California.  Two days later, Cruz met M.C. near her home, she got into his vehicle, and

---

[1]Cruz and his mother, in fact, exchanged text messages about M.C., in which Cruz mentioned that M.C. was "getting ready for class" or that M.C. did not "know how she feels about us anymore" since "this guy in [M.C.'s] class," whom she had a "crush on for years," started "flirting with her."

Cruz began driving back to Ohio. Cruz admitted that he did so intending to engage in unlawful sexual activity with M.C. They drove back to Ohio and only pulled over for sleep and short rest breaks in the car. During the drive, "[M.C.] told Cruz that she was 14 years old," (PageID 160), and gave Cruz a "hand job."

M.C.'s parents informed local police that M.C. was missing on April 15, 2019. M.C. had left two notes for her parents, stating that she was "running away with her boyfriend and his cousin." Although M.C. had also successfully reset her phone to delete its contents and left the phone at her parents' home, M.C.'s phone records revealed that she had been in frequent contact with a person using a telephone from area code 440. M.C.'s younger sister recognized the phone number because she had seen it in M.C.'s bedroom written on a piece of paper, along with the name "Jeremy."

Local police called the phone number and spoke to Cruz. They informed Cruz that M.C. was a missing teenager. Cruz told the police he met M.C. online, was friends with her, and "knew she was a teenager." Cruz falsely stated that he had not contacted M.C. for several weeks and had never met her in person. M.C. would later admit she had sex with Cruz multiple times while she was with him, including after this phone call with police.

After analyzing Cruz's phone records and learning the recent locations of his phone, local and federal law enforcement attempted to locate Cruz. An arrest team located Cruz on April 18, 2019, at a residence in Ohio. Cruz was then arrested based on a California warrant for child concealment. When arresting officers questioned Cruz, he denied having any knowledge of M.C.'s whereabouts. The officers, however, found 14-year-old M.C. hiding in the back bedroom of the residence. At that time, Cruz was 39 years of age.

When Cruz was later interviewed by agents, he acknowledged that M.C. was 14 years of age. Cruz also stated that he did not have any sexual contact with M.C. and that his phone did not contain child pornography. Both statements were false. In addition to M.C. admitting she had sex with Cruz multiple times, a lab test revealed semen in the bra and panties M.C. was wearing when she was found. Federal agents also discovered Cruz's cell phone contained a total of 1,159 images (including eight video files), depicting prepubescent children—some as young

as four years old—engaged in overt sexual acts with adults and lascivious images of the genitalia of such children. These images included approximately 48 images depicting M.C. engaged in sexually explicit conduct; 25 close-up images of her vagina; and 23 images of M.C. in only her panties.

While in custody, Cruz repeatedly contacted his mother and requested that she instruct M.C. to "get rid of things on her phone." Cruz's mother made numerous attempts to contact M.C. by phone and successfully spoke with M.C. at least once.

**B. Judicial Proceedings**

In a three-count indictment, Cruz was charged with: (1) transporting a minor with intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a); (2) receiving child pornography in violation of 18 U.S.C. § 2252(a)(2); and (3) transporting child pornography in violation of 18 U.S.C. § 2252(a)(1). Although Cruz initially pleaded not guilty to the charged offenses, he later changed his plea to guilty. During the change of plea hearing, the government stated that when Cruz was "interviewed after his arrest," he "admitted" that "he knew how old the minor female victim was"; "travel[ed] to pick her up"; and that he "engaged in an on-line relationship with her for approximately two years." The court asked Cruz if he engaged in the conduct described, and Cruz responded in the affirmative.

The Probation Office prepared a presentence report (PSR), recommending that the district court impose various offense level enhancements, including a two-level enhancement on Count 1 for "unduly influencing a minor to engage in prohibited sexual conduct." USSG § 2G1.3(b)(2)(B). At the sentencing hearing, Cruz objected to the enhancement, arguing that "he was unaware M.C. was a minor" because M.C. had lied to Cruz about her age. The government disputed this and presented testimony from Special Agent Casey Carty. Carty testified regarding the investigation and post-arrest interviews of Cruz, M.C., and others, as outlined above. The court then reviewed seven non-pornographic pictures of M.C. and one picture of Cruz's two daughters, who were 14 and 16 years old.

The district court then addressed Cruz's objection to the undue-influence enhancement. Quoting Application Note 3(B) to § 2G1.3(b)(2), the court noted there is "a rebuttable presumption" that the enhancement applied because Cruz was "at least ten years older" than M.C. The court rejected Cruz's argument "that M.C. admitted to lying about her age and didn't tell [Cruz] her age until the police arrived." In finding that the undue-influence enhancement applied, the court explained:

> It's clear to me, based on the evidence presented by the government, that the defendant knew or well should have known, clearly, that this young lady was 14. The pictures themselves . . . are worth a thousand words. It's clear that this young lady was not of age. And I don't believe it's credible, or there certainly has not been any rebuttal of the presumption that the paragraph or the enhancement applies.

The court also found it "compelling that [Cruz] has children of his own, . . . approximately the same age as [M.C.]." With that, the court overruled Cruz's objection to the undue-influence enhancement.

Consistent with the offense level calculations in the PSR, the court calculated Cruz's combined final offense level as 34. With an offense level of 34, coupled with Cruz's Criminal History Category of I, the court found that the advisory Guidelines range was 151 to 188 months of imprisonment. Cruz's counsel asked the court to vary downward and sentence Cruz to the mandatory minimum term of ten years of imprisonment. The government, however, asked the court to impose a sentence "at the high end, if not an upward variance" from the Guidelines range. The court did just that and sentenced Cruz to a term of 188 months in prison.

Among the numerous reasons the court provided for imposing this sentence, the court noted "the actions of [Cruz], the fact we have three separate counts here, not only involving the direct contact, the predatory conduct upon the minor, [and] also his collection of child pornography." In concluding that Cruz is a "high[-]risk individual," the court explained that "we know [Cruz] obviously preyed upon this victim," and "[n]ot only did he prey upon the child, but then attempted, through [the] use of his mother, to try to . . . cause her to do things to impede this investigation[.]"

Cruz filed a timely appeal of his sentence.

**II.**

Sentences are reviewed for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Jackson*, 877 F.3d 231, 236 (6th Cir. 2017). A sentence is "procedurally unreasonable" if the district court "failed to calculate the Guidelines range properly; treated the Guidelines as mandatory; failed to consider the factors prescribed at 18 U.S.C. § 3553(a); based the sentence on clearly erroneous facts; or failed to adequately explain the sentence." *United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015). A sentence is "substantively unreasonable" if the district court "imposed a sentence arbitrarily, based on impermissible factors, or unreasonably weighed a pertinent factor." *Id*.

The district court's legal interpretations of the Guidelines are reviewed de novo. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). We "accept the findings of fact of the district court unless they are clearly erroneous and . . . give due deference to the district court's application of the Guidelines to the facts.'" *United States v. Moon*, 513 F.3d 527, 539-40 (6th Cir. 2008) (quoting *United States v. Williams*, 355 F.3d 893, 897-98 (6th Cir. 2003)).

## A. Undue-Influence Enhancement

Cruz's sole basis for challenging the reasonableness of his sentence is the district court's application of the two-level sentencing enhancement under USSG § 2G1.3(b)(2)(B) for undue influence of a minor. We conclude the district court did not err in applying the enhancement because the court found that Cruz failed to overcome the applicable rebuttable presumption that undue influence existed by virtue of the age difference between Cruz and M.C.

A two-level sentencing enhancement applies under USSG § 2G1.3(b)(2)(B), if the defendant "unduly influenced a minor to engage in prohibited sexual conduct." The commentary to this section notes that "[i]n determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." USSG § 2G1.3, comment., n.3(B). The same commentary note, however, also states that:

> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

*Id.* This commentary is "authoritative." *United States v. Lay*, 583 F.3d 436, 446 (6th Cir. 2009) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

Cruz contends "the record is replete with evidence that indicates that the presumption does not apply." Cruz misapprehends the factual predicate for the presumption of undue influence under § 2G1.3(b)(2)(B). The presumption is triggered if there is a difference of ten years between the defendant and the victim. Here, there was a difference of 25 years.

As a result, the district court correctly concluded there existed a rebuttable presumption that Cruz unduly influenced M.C.[2] It was therefore incumbent upon Cruz to produce evidence to rebut that presumption. Cruz failed to do so. His only argument was that "he had no knowledge" of M.C.'s actual age because she "lied to him and said she was 17," so "[w]hen he finally met her, he believed her to be 19." The undue-influence enhancement, however, does not contain a *mens rea* requirement that the defendant "know" the victim is a minor. The district court, nonetheless, considered Cruz's sole argument and rejected it as not "credible." Thus, as the district court concluded, there "certainly" was not "any rebuttal of the presumption that . . . the enhancement applies."

Cruz's isolated citation to *United States v. Davis*, 924 F.3d 899 (6th Cir. 2019), does not command a different result. There, the district court *only* noted the "age gap" between the minor and the defendant, "[w]ithout further discussing the facts of th[e] case"; namely, the victim's "trial testimony that she had previously engaged in prostitution, willingly engaged in prostitution during the events of th[e] case, contacted the defendants to have them procure her clients, and refused a client procured for her by [one of the defendants]." *Davis*, 924 F.3d at 903-04. None of the facts in *Davis* are present in this case.

---

[2]*See Presumption*, Black's Law Dictionary (11th ed. 2019), *available at* Westlaw ("A legal inference or assumption that a fact exists because of the known or proven existence of some other fact or group of facts. . . . A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.").

Moreover, the age difference aside, there is further evidence to support undue influence. "The undue-influence enhancement 'is not limited to force, fraud, or coercion.' It also reaches 'manipulating' and 'preying upon' a vulnerable victim." *United States v. Reid*, 751 F.3d 763, 768 (6th Cir. 2014) (internal citation omitted) (quoting *United States v. Willoughby*, 742 F.3d 229, 241 (6th Cir. 2014)). In fact, we have affirmed the district court's application of the undue-influence enhancement where a defendant led a minor female to believe he was her boyfriend and, after the minor ran away with the defendant, the minor became dependent on this much older man for transportation and housing hundreds of miles away from her home. *See, e.g.*, *id.*; *Willoughby*, 742 F.3d at 241; *United States v. Wise*, 278 F. App'x 552, 563 (6th Cir. 2008).

The rationale applies with equal force here. The district court specifically found that Cruz "preyed upon this victim." "An appellate court may not reverse a finding of fact 'simply because [it] would have decided the case differently,' but must affirm unless 'left with the definite and firm conviction that a mistake has been committed.'" *Lay*, 583 F.3d at 446 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). No mistake was made here. The record supports the court's conclusion. Cruz maintained a sexually explicit online relationship with M.C. for two years. Nothing in the record indicates that Cruz ever attempted to end this relationship. Cruz instead picked up M.C. and drove her across the country, intending to engage in sexual activity with her. At that point, with no way to get back home, 14-year-old M.C. was entirely dependent upon Cruz. Cruz then had sex with M.C. multiple times—including after the police and M.C. had expressly told Cruz that she was a minor. Cruz's feigned attempt to foist the blame on M.C. because she initially "lied" about her age does not rebut these facts. *See Lay*, 583 F.3d at 442, 446.

The district court did not err in applying the undue-influence enhancement.

**B. Any Error Was Harmless**

Even if the district court did err in applying the two-level undue-influence enhancement (and it did not), any error would be harmless, and therefore "must be disregarded." Fed. R. Crim. P. 52(a). "Errors that do not affect the ultimate Guidelines range or sentence imposed are harmless and do not require resentencing." *See, e.g.*, *United States v. Faulkner*, 926 F.3d 266,

275 (6th Cir. 2019); *United States v. Whyte*, 795 F. App'x 353, 366 (6th Cir. 2019) (holding that two-point enhancement was harmless because it did "not affect Whyte's total offense level under the sentencing guidelines").

The undue-influence enhancement did not affect Cruz's ultimate Guidelines range. Here, Cruz's final adjusted offense level was calculated according to the applicable grouping rules under the Guidelines. *See* USSG §§ 3D1.2(d), 3D1.4(a). Cruz's three offenses were first divided into two groups: Group One included only Count 1 because it involved a separate harm; and Group Two included Counts 2 and 3 because the offense level is determined largely on the basis of the total amount of harm. *See* USSG § 3D1.2(d). Three enhancements were applied to Count 1: a two-level enhancement for "unduly influencing a minor to engage in prohibited sexual conduct," USSG § 2G1.3(b)(2)(B); a two-level enhancement for using a computer to entice a minor to engage in prohibited sexual conduct with a minor, USSG § 2G1.3(b)(3); and a two-level enhancement for committing a sex act with a minor, USSG § 2G1.3(b)(4)(A). As for the offenses in Group Two, four enhancements were applied—none of which Cruz challenges on appeal. The resulting adjusted offense level subtotals for Group One and Group Two were calculated according to the following tables:

| Group One (Count 1): Transporting a Minor with the Intent to Engage in Sexual Activity | | Guideline |
|---|---|---|
| Base offense level | 28 | § 2G1.3(a)(3) |
| Undue influence | +2 | § 2G1.3(b)(2)(B) |
| Use of a computer to entice | +2 | § 2G1.3(b)(3) |
| Commission of a sex act | +2 | § 2G1.3(b)(4)(A) |
| **Adjusted Offense Level (Subtotal)** | **34** | |

| Group Two (Counts 2 and 3): Receiving and Transporting Child Pornography | | Guideline |
|---|---|---|
| Base offense level | 22 | § 2G2.2(a)(2) |
| Images of a prepubescent minor | +2 | § 2G2.2(b)(2) |
| Images of sexual abuse or exploitation of an infant or toddler | +2 | § 2G2.2(b)(4)(B) |
| Use of a computer or interactive computer service | +2 | § 2G2.2(b)(6) |
| At least 600 images | +2 | § 2G2.2(b)(7) |
| **Adjusted Offense Level (Subtotal)** | **35** | |

The group with the highest offense level subtotal (Group Two) was then used to calculate Cruz's combined adjusted offense level.  *See* USSG § 3D1.4(a).  To that end, the Guidelines provided for two offense levels added to Group Two.  *Id.*  As a result, Cruz's combined adjusted offense level was 37.  After a three-level adjustment for acceptance of responsibility, Cruz's final adjusted offense level was 34.  When combined with Cruz's Criminal History Category of I, the Guidelines yielded an advisory sentencing range of 151 to 188 months of imprisonment.

The salient fact here is that the undue-influence enhancement only applied to Group One, which was not the operative group used to calculate Cruz's *combined* adjusted offense level.  Even if the district court had not imposed the enhancement, the final adjusted offense level would still be 34—the same offense level the district court used to sentence Cruz.  As a result, the advisory Guidelines range would be 151 to 188 months of imprisonment, which is precisely the range the district court relied upon in sentencing Cruz.  Therefore, any error by the district court as to the enhancement would have had no effect on the ultimate sentence and thus would be harmless.  *Faulkner*, 926 F.3d at 275.[3]

### III.

For the reasons stated, the judgment of the district court is AFFIRMED.

---

[3]Cruz's sentence is within the Guidelines range.  "This court applies a rebuttable presumption of substantive reasonableness to a within-guidelines sentence." *United States v. Wandahsega*, 924 F.3d 868, 890 (6th Cir. 2019) (citing *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (*en banc*)).  Cruz has offered only the conclusory assertion that his sentence is substantively unreasonable.  Cruz has not rebutted the presumption here.