NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0231n.06

Case No. 21-1054

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**FILED**

Jun 08, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| TIMOTHY POPE, | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: WHITE, BUSH, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Invoking provisions in the First Step Act, Timothy Pope asked the district court to reduce his 288-month sentence. By and large, Pope's efforts proved successful. The district court granted his motion, departed downward to better reflect Pope's criminal history, and resentenced Pope to 235 months, the bottom of the Guidelines range. At the same time, the district court denied Pope's request for a downward variance. On appeal, Pope challenges that latter determination as procedurally unreasonable and asserts that his within-Guidelines sentence is substantively unreasonable. We affirm.

## BACKGROUND

In 2006, Timothy Pope and an accomplice sold 7.27 grams of crack cocaine to a police informant. As officers approached, Pope fled the scene, precipitating a high-speed car chase through a residential neighborhood. Following Pope's arrest, a jury convicted him of conspiring

to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846. Based on the quantity of drugs and Pope's prior conviction for a felony drug offense, Pope was, under the law existing at the time he committed the underlying conduct, subject to a statutory maximum penalty of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006).

The presentence report classified Pope as a career offender under U.S.S.G. § 4B1.1. Based on that classification, Pope was assigned an offense level of 37 and placed in criminal history category VI. *See* § 4B1.1(b).

At sentencing, the district court found that category VI overstated the severity of Pope's criminal history. So the district court departed downward to criminal history category V, *see* U.S.S.G. § 4A1.3(b), yielding a Guidelines range of 324 to 405 months. From there, the district court, noting the reduced likelihood that Pope would reoffend following a lengthy prison term and characterizing the Guidelines range as "high," varied downward and imposed a 288-month sentence. We affirmed Pope's conviction and sentence. *See United States v. Pope*, 335 F. App'x 598, 609 (6th Cir. 2009).

Pope later moved for a sentence reduction under § 404 of the First Step Act, which authorizes district courts to reduce certain sentences imposed for crack cocaine offenses. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; *see also United States v. Maxwell*, 991 F.3d 685, 688 (6th Cir. 2021) (describing the First Step Act). While Pope's motion was pending, the Bureau of Prisons transferred Pope to home confinement under the CARES Act. *See* Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020); *see also United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (discussing the CARES Act). The district court granted Pope's motion. Resentencing, however, would prove to be a mixed bag of sorts for Pope. On the one hand, the district court

determined that Pope's offense level had dropped from 37 to 34, in accordance with U.S.S.G. § 4B1.1(b), due to the new, lower statutory maximum for Pope's crack cocaine offense. *See* 21 U.S.C. § 841(b)(1)(C) (subjecting Pope to a statutory maximum penalty of 30 years' imprisonment). On the other hand, as a career offender, Pope remained in criminal history category VI. *See* § 4B1.1(b). The district court again departed downward to category V, yielding a Guidelines range of 235 to 293 months. But the court denied Pope's request for a downward variance and imposed a 235-month sentence. This appeal followed.

## ANALYSIS

A. Pope believes that his new sentence, although reduced, was nonetheless procedurally unreasonable because the district court erred in denying his request for a downward variance. To Pope's mind, that flawed determination turned on erroneous information about Pope's role in the conspiracy as well as consideration of an impermissible factor—the Bureau's decision to transfer Pope to home confinement.

The legal framework governing Pope's challenge is largely uncontested. "Procedural reasonableness requires the court to 'properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence.'" *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (citation omitted). Ordinarily, we review the procedural reasonableness of a First Step Act sentence reduction for abuse of discretion. *See United States v. Williams*, 972 F.3d 815, 816 (6th Cir. 2020) (order); *United States v. Foreman*, 958 F.3d 506, 515 & n.3 (6th Cir. 2020). Under that deferential standard, we will vacate a sentence "only if we are 'firmly

3

convinced that a mistake has been made.'" *United States v. Bailey*, 27 F.4th 1210, 1214 (6th Cir. 2022) (citation omitted).

Some mistakes, however, are viewed differently than others. Case in point, "when a party has himself provoked the court to commit an error, that party may not complain of the error on appeal unless that error would result in manifest injustice." *United States v. Demmler*, 655 F.3d 451, 458 (6th Cir. 2011). This rule, known as the invited-error doctrine, honors principles of reliance and equity, which typically weigh against allowing a party to attack a judgment by shifting positions on appeal. *See id.* at 458–59; *see also United States v. Montgomery*, 998 F.3d 693, 697–99 (6th Cir. 2021) (distinguishing invited error from waiver and forfeiture).

1. We first consider whether the district court relied on erroneous information in denying Pope's request for a downward variance. According to Pope, a discrepancy exists between the district court's statements at his original sentencing and the opinion granting him a sentence reduction. At the original sentencing, the district court found that Pope "was properly scored as . . . having a minor role in the offense" for purposes of U.S.S.G. § 3B1.2(b), which instructs that a defendant's offense level drops by two "[i]f the defendant was a minor participant in any criminal activity." But in the opinion reducing Pope's sentence, the district court stated that it "already rejected Defendant's argument that he played a minor role."

We see no reversible error. At the outset, we note that any misstatement by the district court about its prior decision to grant Pope a minor-role reduction had no bearing on the offense level underlying his Guidelines range calculation. To see why, recall that Pope is deemed a career offender under § 4B1.1(a). That means his offense level is the *greater* of "the offense level for a career offender from the table in [§ 4B1.1(b)]" and "the offense level otherwise applicable." U.S.S.G. § 4B1.1(b). The district court relied on § 4B1.1(b)'s career offender table to determine

that Pope's offense level was 34. So regardless whether § 3B1.2(b)'s minor-role reduction would have affected Pope's "otherwise applicable" offense level, that reduction "would have had no effect on the ultimate sentence." *United States v. Cruz*, 976 F.3d 656, 664 (6th Cir. 2020). Indeed, Pope himself concedes that his offense level would still be 34—the level the district court used to reduce his sentence—even if the district court had applied the minor-role reduction.

And, in any event, the district court's decisions regarding downward variances—both during Pope's original sentencing hearing and when reducing his sentence—did not turn on his role in the offense, minor or otherwise. At the original sentencing, to justify a downward variance, the district court cited the length of the Guidelines range then in effect and the risk that a Guidelines sentence would keep Pope in prison after he had ceased to pose a substantial danger of recidivism. Pope's minor role in the conspiracy played no part in the court's analysis. *See* R.88, PageID#705 (explaining that the minor-role reduction "does not make any difference, and it certainly doesn't make any difference in my sentence" given Pope's career offender status).

At resentencing, however, neither reason for Pope's original downward variance applied. The district court concluded that Pope's reduced sentence—over 50 months shorter than his original sentence—accounted for the recidivism concerns underlying the original sentence. And, as the district court further found, the now-reduced Guidelines range, which "reflects the conclusions of the Legislature that punishment for crack cocaine offenses have been disproportionate," means "a variance is not necessary to avoid excessive punishment." Nor did Pope's role in the conspiracy otherwise influence the district court's resentencing decision. The district court never referenced Pope's role while discussing the § 3553(a) sentencing factors. Rather, the lone mention of Pope's role is in a passage rejecting his suggestion that his offense level was too high:

> The Court does not agree with Defendant that his offense level should be lower. The Court already rejected Defendant's argument that he played a minor role. The current guidelines calculations for converted drug weight [that are used in determining a non-career-offender offense level] are a factor that may be considered but are not controlling.

But, again, Pope's role in the offense did not influence his offense level because he is a career offender.

All told, § 3B1.2(b)'s minor-role reduction affected neither the Guidelines range nor the sentence. As a result, any error in the district court's statement about Pope's role in the offense was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *Cruz*, 976 F.3d at 663 (explaining that mistakes "that do not affect the ultimate Guidelines range or sentence imposed are harmless and do not require resentencing" (quoting *United States v. Faulkner*, 926 F.3d 266, 275 (6th Cir. 2019))); *see also United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021) (observing that "one stray comment at sentencing cannot establish a reversible sentencing error").

2. Relatedly, Pope contends that the decision to deny him a downward variance was infected by the district court improperly considering that the Bureau of Prisons had transferred him to home confinement. Here, Pope emphasizes the district court's acknowledgement that "the reduction in sentence and the transfer to home confinement sufficiently reflect [Pope's] rehabilitative efforts such that a further reduction in the term of imprisonment is not warranted." The court's reference to Pope's home confinement, however, should have come as no surprise to Pope. After all, he was the one who raised the issue as a basis for a sentence reduction. *See* R.220, PageID#1337 (arguing that "the BOP's decision to place [him] on home confinement further demonstrates that a sentence of time served is appropriate," as "[t]he BOP considered various risk

6

factors and found that Mr. Pope's history and characteristics show that he is not a risk to the community").

By asking the district court to consider his transfer as bearing on the § 3553(a) sentencing factors, Pope invited the court's purported error in doing just that. *See Montgomery*, 998 F.3d at 698. That leaves us two options: decline to consider the issue or review for plain error if "'the interests of justice demand' it." *Id.* (citation omitted). The interests of justice are not served by a strict application of the doctrine "where the government is as much at fault for inviting the error as the defendant and the defendant is claiming that his constitutional rights have been violated." *United States v. Howard*, 947 F.3d 936, 945 (6th Cir. 2020) (cleaned up) (citation omitted). But Pope does not claim constitutional error. And even if he did, it is difficult to lay that error at the government's feet when the government never argued that Pope's transfer to home confinement militated against a downward variance.

Nor, in any event, did plain error occur. To demonstrate plain error, Pope must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights,' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation omitted). Most conspicuously, Pope fails to identify a case holding that transfer to home confinement is an impermissible factor at sentencing, which by itself defeats his claim for plain error. *See United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (explaining that the absence of binding case law resolving the legal question precludes a finding of plain error). Much of the existing precedent, in fact, undermines Pope's argument. At least two of our sister circuits authorize district courts to consider conditions of confinement at sentencing, further evidence that no plain occur occurred here. *See, e.g.*, *United States v. Stewart*, 590 F.3d 93, 144 (2d Cir. 2009) ("It was not unreasonable for the district court

to conclude that the severity of the conditions of confinement would increase the severity of the punishment . . . ."); *United States v. Spano*, 476 F.3d 476, 479 (7th Cir. 2007) (finding "enough merit" in the argument that "the harsher the conditions the shorter the sentence should be" for "a sentencing judge to take it into account"); *cf. United States v. Read-Forbes*, 843 F. App'x 131, 133 (10th Cir. 2021) ("Granting a prisoner home confinement [under the CARES Act] . . . is a change in the location and conditions of confinement" because "[w]hile at home, the confinee is serving a 'term of imprisonment.'" (quoting *United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014))).

Nor do we find compelling Pope's attempt to analogize his transfer to home confinement to the collateral consequences of conviction, the latter of which we have said are an impermissible factor in imposing a sentence, *see United States v. Musgrave*, 761 F.3d 602, 608 (6th Cir. 2014). Begin with 18 U.S.C. § 3553(a)(2)(A), which "plainly states that 'the *sentence* imposed' should 'reflect the seriousness of the offense.'" *United States v. Bistline*, 665 F.3d 758, 765 (6th Cir. 2012) (quoting § 3553(a)(2)(A)). As the collateral consequences of conviction are neither the sentence nor "consequences of [the] sentence," a district court's consideration of collateral consequences "does nothing to show that [the] sentence reflects the seriousness of [the] offense." *Id.* But the same is not true for a transfer to home confinement, an act that conceivably bears on whether a defendant's sentence "reflect[s] the seriousness of the offense" and "provide[s] just punishment for the offense." § 3553(a)(2)(A). Truth be told, a term of imprisonment served in home confinement would appear less onerous than an equally lengthy prison term.

B. Pope also challenges his reduced sentence as substantively unreasonable. A sentence is substantively unreasonable if the district court placed undue weight on some 18 U.S.C. § 3553(a) sentencing factors and inadequate weight on others, yielding a sentence that "is too long (if a defendant appeals) or too short (if the government appeals)." *Parrish*, 915 F.3d at 1047 (quoting

*United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)). We review the substantive reasonableness of a sentence reduction under the First Step Act for abuse of discretion. *See Williams*, 972 F.3d at 816; *Foreman*, 958 F.3d at 515 & n.3. As with procedural reasonableness, we will vacate Pope's sentence "only if we are 'firmly convinced that a mistake has been made.'" *Bailey*, 27 F.4th at 1214 (citation omitted). Our review here is especially deferential because Pope's sentence falls within the Guidelines range and thereby enjoys a presumption of reasonableness. *See Vonner*, 516 F.3d at 389–90.

The district court reasonably weighed the relevant sentencing factors in arriving at Pope's bottom-of-the-Guidelines sentence. The district court stated that it had reviewed the 18 U.S.C. § 3553(a) sentencing factors discussed at the original sentencing hearing. *Cf. Williams*, 972 F.3d at 817 ("When considering the adequacy of the district court's explanation for its decision regarding a sentencing modification, we consider the record both for the initial sentence and the modified one."). At that hearing, the court considered, among other things, how Pope had worked with an accomplice to sell crack cocaine, Pope's "difficult childhood" and "reasonably decent employment record," the fact that Pope had five prior convictions for felony drug offenses, Pope's history of violating conditions of probation or parole, and the failure of specific deterrence in view of Pope's extensive criminal record. *See* § 3553(a)(1)–(2). The district court's next step in reducing Pope's sentence was to consider the new Guidelines range. *See* § 3553(a)(4). After examining that range, the court determined that "a variance is not necessary to avoid excessive punishment." The court also considered what sentence was necessary to reduce the risk that Pope would reoffend after release. *See* § 3553(a)(2)(B)–(C). Finally, the court evaluated Pope's rehabilitation in prison, including his completion of drug education and treatment programs, lack of disciplinary problems, and the fact that he had earned a GED. *See Pepper v. United States*,

9

562 U.S. 476, 481 (2011) (holding that district courts may consider prisoners' post-sentencing rehabilitation at resentencing). All told, the district court fairly weighed the relevant sentencing factors in entering Pope's sentence.

Not so, says Pope. Citing a 2016 report by the Sentencing Commission, Pope claims that his Guidelines range overstates his risk of recidivism. The district court, however, had no obligation to consider the report, much less vary downward on that basis. *See United States v. Michael*, 836 F. App'x 408, 413 (6th Cir. 2020) (no abuse of discretion not to consider 2016 report); *United States v. Williams*, 762 F. App'x 278, 284 (6th Cir. 2019) (same). Likewise, to the extent the report purportedly shows, as Pope urges, that his within-Guidelines sentence creates "unwarranted sentence disparities," § 3553(a)(6) customarily "is 'an improper vehicle' for challenging a within-Guidelines sentence." *Hymes*, 19 F.4th at 937 (citation omitted). Rather, "the Guidelines [themselves] address the statutory purpose of combatting disparity." *Id.*; *see also United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008) (Easterbrook, J.) ("[I]t is pointless for a defendant whose own sentence is within the Guidelines" to claim that his sentence creates unwarranted disparities, "for the ranges are themselves designed to treat similar offenders similarly." (citation omitted)). In any event, the report neither reveals error in the district court's weighing of the relevant sentencing factors nor rebuts the presumption that Pope's within-Guidelines sentence is reasonable. No abuse of discretion occurred.

## CONCLUSION

We affirm Pope's sentence.