RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0279p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 19-5803

SHAWN WILLIAMS,

*Defendant-Appellant.*

─────────────────

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:04-cr-00097-1—Charles R. Simpson, III, District Judge.

Decided and Filed: August 26, 2020

Before: GRIFFIN, KETHLEDGE, and STRANCH, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:** Frank W. Heft, Jr., Laura R. Wyrosdick, WESTERN KENTUCKY FEDERAL COMMUNITY DEFENDER, INC., Louisville, Kentucky, for Appellant. Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

The court delivered an order. GRIFFIN, J. (pp 4–7), delivered a separate dissenting opinion.

─────────────────

## ORDER

─────────────────

Shawn Williams, a federal prisoner proceeding with counsel, appeals the district court's order denying his motion for a sentence reduction under the First Step Act of 2018. The parties

have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2005, Williams pled guilty to possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a). Williams's presentence report set forth an advisory Guidelines range of 262 to 327 months of imprisonment, based on a total offense level of 34 and a criminal history category of VI. USSG Ch. 5, Pt. A. But the government also filed a notice of a prior felony drug conviction under 21 U.S.C. § 851, which made Williams subject to a statutory mandatory-minimum sentence of 20 years of imprisonment and a maximum term of life imprisonment. The district court sentenced Williams to 262 months followed by 10 years of supervised release.

In 2018 Congress passed the First Step Act, which allows district courts to reduce defendants' sentences for certain drug offenses. *See* Pub. L. No. 115-391, 132 Stat. 5194. Although the Act reduced Williams's statutory mandatory-minimum sentence from 20 years to 10 years, his advisory Guidelines' range under the Act remained the same—262 to 327 months. Williams filed a motion to reduce his sentence under the Act, arguing, among other things, that his good conduct in prison warranted a reduced sentence. Specifically, Williams noted that he had not failed a single drug test, that he had helped 13 other prisoners earn their GEDs, and that he had held the same job for over eight years. The district court wrote a reasoned opinion explaining that it had considered the 18 U.S.C. § 3553(a) sentencing factors (including Williams's several prior drug convictions), and concluded that "the 262-month within guideline sentence originally imposed remains sufficient and necessary to protect the public from future crimes of the defendant, to provide just punishment, and to provide deterrence." The court did not, however, address Williams's argument about his post-conviction conduct.

Williams brought this appeal. We review the court's decision for an abuse of discretion. *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (per curiam).

Williams argues that the district court placed too much weight on his criminal history and ignored his post-conviction conduct. We recently held that the district court's resentencing decision in a First Step Act case is subject to review for substantive and procedural

reasonableness. *See United States v. Boulding*, Nos. 19-1590, 19-1706, 2020 WL 2832110, at *9 (6th Cir. June 1, 2020). Although our precedents are clear that a movant under the Act is not entitled to a plenary resentencing, *see United States v. Lakento Smith*, 958 F.3d 494, 498–99 (6th Cir. 2020), the court must "adequately explain the chosen sentence to allow for meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007); *see also United States v. Marty Smith*, 959 F.3d 701, 701 (6th Cir. 2020). When considering the adequacy of the district court's explanation for its decision regarding a sentencing modification, we consider the record both for the initial sentence and the modified one. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967–68 (2018). The district court need not respond to every sentencing argument, but the record as a whole must indicate the reasoning behind the court's sentencing decision. *See Rita v. United States*, 551 U.S. 338, 356–59 (2007).

Here, the district court reviewed the § 3553(a) sentencing factors and found that Williams's substantial criminal record continued to justify his 262-month sentence, not least because his Guidelines range remained unchanged. We have no quarrel with that analysis, so far as it goes. But the court did not mention Williams's argument regarding his post-conviction conduct. And that conduct by definition occurred after his initial sentencing in 2005, which means that neither the record for his initial sentence nor for his First Step Act motion provides us any indication of the district court's reasoning as to that motion. We will therefore remand the case for further consideration of Williams's good-conduct argument.

We vacate the district court's order and remand the case for further proceedings consistent with this opinion.

―――――――――――

**DISSENT**

―――――――――――

GRIFFIN, Circuit Judge, dissenting.

The issue in this appeal is whether the district court abused its discretion in denying defendant's motion for a sentence reduction pursuant to the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). Defendant Williams claims that the district court erred in two respects: (1) failing to consider his post-sentencing conduct; and (2) giving too much weight to his criminal history. I disagree and would hold that defendant has not established that the district court abused its discretion. Accordingly, I respectfully dissent.

I.

We review the district court's First Step Act "resentencing decision . . . for an abuse of discretion," *United States v. Boulding*, 960 F.3d 774, 778 (6th Cir. 2020), which occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492 (6th Cir. 2020) (citation omitted). Here, defendant challenges the district court's decision on two bases. First, he contends that the district court failed to consider his post-sentencing conduct, which is an attack on the decision's procedural reasonableness. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Second, he argues that the district court gave too much weight to his criminal history; that is a substantive-reasonableness challenge. *See United States v. Richards*, 659 F.3d 527, 549 (6th Cir. 2011).

II.

A.

My colleagues vacate the district court's order and remand this case because they cannot discern whether the district court considered defendant's post-sentencing conduct. I respectfully disagree and would affirm.

At an initial sentencing, a district court must adequately explain why it selected a particular sentence. *Gall v. United States*, 552 U.S. 38, 50 (2007). Although a district court need not expressly mention every sentencing argument or factor, the record as a whole must indicate the district court's reasoning for its sentencing decision. *See Rita v. United States*, 551 U.S. 338, 356–59 (2007). When we review a district court's explanation for a sentence modification decision, we consider the record for the initial sentencing decision and the sentence modification. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018).

It is well-settled that we do not require a district court to expressly mention every argument when it renders a sentencing decision. *See United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). Additionally, we presume that district courts consider arguments and evidence parties put in the record. *See United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006). In the present case, defendant emphasized his post-sentencing conduct in multiple record documents. And in its order, the district court stated that it "ha[d] reviewed defense counsel's objections." Those objections refer to Williams's reply to the memorandum of recalculation. In that reply, and in other district court filings, Williams highlighted his post-sentencing conduct and argued that he deserved a reduced sentence because of it. And the district court did not refuse to consider this evidence. *See United States v. Allen*, 956 F.3d 355, 357–58 (6th Cir. 2020). Because we presume that the district court examined the record and defendant's objections, the reasonable inference is that the district court considered Williams's post-sentencing conduct. Accordingly, in my view, defendant's procedural reasonableness argument regarding considering his post-sentencing conduct does not warrant vacating the district court's order.

## B.

Williams also contends that the district court "placed too much weight on his criminal history." That is a challenge to the substantive reasonableness of the district court's sentencing decision. *Richards*, 659 F.3d at 549. "Generally speaking, defendants who challenge their sentences as substantively unreasonable face an uphill climb" because the applicable standard of review—abuse of discretion—"grant[s] considerable deference to the sentence imposed by the district court." *United States v. Faulkner*, 926 F.3d 266, 273 (6th Cir. 2019). Importantly, the

original 262-month sentence that remained in place is the minimum sentence within Williams's recalculated Guidelines range, and a within-Guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Based on this record, defendant has not rebutted the presumption of reasonableness. The district court "note[d] that the defendant's prior record includes three separate felony drug possession convictions and two felony drug trafficking convictions and parole revocation." Furthermore, the court explained that "[t]he 262-month within guideline sentence originally imposed remains sufficient and necessary to protect the public from future crimes of the defendant, to provide just punishment, and to provide deterrence." It also observed that "a sentence of 262 months is not a disparate sentence for a defendant deemed a career offender." The district court's explicit consideration of various pertinent factors that persuaded it to leave the original sentence in place (including defendant's criminal history), and its implicit rejection of arguments it found unpersuasive (including defendant's post-sentencing conduct argument), do not constitute an abuse of discretion. *United States v. Barber*, — F.3d —, No. 19-6116, 2020 WL 4035137, at *3 (6th Cir. 2020) (observing that the district court "more than met its obligations and thus did not abuse its discretion" when it denied First Step Act relief to the defendant because it discussed defendant's prior felony drug offenses and how "the existing sentence 'remained sufficient and necessary to protect the public from future crimes of the defendant, to promote respect for the law, to provide just punishment, and to provide deterrence'" (brackets and citations omitted)); *United States v. Richardson*, 960 F.3d 761, 765 (6th Cir. 2020) (per curiam) (rejecting a First Step Act movant's too-much-weight-on-criminal-history argument because the movant committed a serious and violent supervised-release violation and observing that the district court discussed other § 3553(a) factors, "including the need to promote respect for the law, protect the public, and deter [the movant] from further criminal activity").

III.

For these reasons, I respectfully dissent. I would affirm the judgment of the district court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk