RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0043p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee*,

    *v*.

JESSE RONDALE BAILEY,

                *Defendant-Appellant*.

> No. 20-5384

─────────────────

Appeal from the United States District Court for the Eastern District of Tennessee at Knoxville.
No. 3:06-cr-00145-1—Thomas A. Varlan, District Judge.

Argued: July 28, 2021

Decided and Filed: March 8, 2022

Before: GILMAN, McKEAGUE, and BUSH, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Jennifer Niles Coffin, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Brian Samuelson, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Jennifer Niles Coffin, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Brian Samuelson, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

      BUSH, J., delivered the opinion of the court in which GILMAN and McKEAGUE, JJ., joined. GILMAN, J. (pp. 8–14), delivered a separate concurring opinion.

———————————

**OPINION**

———————————

JOHN K. BUSH, Circuit Judge.  In 2008, Jesse Rondale Bailey received a sentence of 360 months' imprisonment as a career offender for the possession and distribution of crack cocaine and powder cocaine.  After the passage of the First Step Act in 2018, he moved for a sentence reduction.  The district court denied his motion, and Bailey appealed.  Because the district court's denial of Bailey's motion was not an abuse of discretion, we affirm.

**I.**

Bailey's status as a career offender dates back to convictions for cocaine possession and facilitating second-degree murder.  Those offenses resulted in his incarceration until 2005.  Shortly after he was released from prison, Bailey engaged in conduct resulting in five federal charges: (1) one count of conspiring to distribute and possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); (2) two counts of distributing at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (3) one count of distributing at least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (4) one count of distributing an unspecified quantity of powder cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  In 2008, Bailey was convicted on all five counts.

Before his sentencing, the Government filed a notice informing the district court that Bailey had a prior felony drug conviction and was, therefore, subject to an enhanced mandatory minimum of twenty years' imprisonment for the (b)(1)(A) offenses.  Bailey was also classified as a career offender because of his prior convictions.  Those factors led to a Sentencing Guidelines range of 360 months to life imprisonment.

Bailey objected to his career-offender classification and asked for a sentence "ten years less than the actual guideline range would be if he was not a career offender."  The district court overruled his objections after considering the relevant sentencing factors set out in 18 U.S.C. § 3553(a).  It noted Bailey's "extensive criminal history[,]" his "lack of respect for the law[,]"

and its hope that Bailey would "further his education and get his GED while he was with the Bureau of Prisons." The court then imposed a sentence of 360 months' imprisonment, the bottom of Bailey's Guidelines range.

In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to correct the unequal treatment of base and powder cocaine in the Federal Code by increasing the quantity of cocaine base necessary to trigger certain statutory penalties. The Fair Sentencing Act, however, did not apply to persons already sentenced at the time of its enactment. That changed with the First Step Act of 2018, which "allows courts to apply § 2(a) of the Fair Sentencing Act retroactively." *United States v. Smith*, 958 F.3d 494, 497 (6th Cir. 2020) (quoting *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019)); *see also* First Step Act of 2018, § 404(a), (b), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (First Step Act). Under the First Step Act, a district court can reduce a defendant's sentence if that defendant was previously sentenced for an offense covered under the Fair Sentencing Act. First Step Act, § 404(b).

In January 2019, Bailey moved pro se for a reduced sentence under the First Step Act. He argued that his sentence was excessive, "unjust and counterproductive," and "fail[ed] to serve an incapacitative [sic] goal[.]" He pointed to his efforts to "rehabilitate himself through a variety of education, vocational, and selfhelp programs" and his continuous employment during his period of incarceration. Assisted by counsel, he filed another motion for a reduced sentence, arguing that he deserved a sentence reduction because of his incident-free record in custody and his completion of the programs mentioned above. In response, the Government noted that it "ha[d] no specific information to present in opposition to a sentence reduction," but that "nothing in [§ 404] shall be construed to require a court to reduce a sentence[.]" The Government also noted that Bailey's Guidelines range was unchanged.

The district court, this time a different judge, denied Bailey's request, finding that "the First Step Act's provisions did not affect [Bailey's] guideline range as a career offender[.]" The court "commend[ed] [Bailey] for his incident/discipline-free history and completion of drug education classes," but it noted that his sentence was already at the bottom end of his Guidelines range. Bailey timely appealed, arguing that the district court abused its discretion by refusing to modify his sentence.

**II.**

We review a district court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act for abuse of discretion. *United States v. Smith*, 959 F.3d 701, 702 (6th Cir. 2020); *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). An abuse of discretion occurs when a district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)). A district court's decision will be vacated "only if we are 'firmly convinced that a mistake has been made.'" *Smith*, 959 F.3d at 702 (quoting *Moore*, 582 F.3d at 644).

We review sentences for procedural and substantive reasonableness. *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). In examining the resentencing decision for procedural error, we look to whether the court has engaged in a "thorough renewed consideration of the § 3553(a) factors." *Id*. at 784. And we review whether the district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007); *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018).

Procedural Reasonableness

Bailey argues that the district court abused its discretion by failing to engage in an adequate review of his circumstances. We disagree. As the Supreme Court has held, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon [the] circumstances" at hand. *Chavez-Meza*, 138 S.Ct. at 1964 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). As the concurrence explains, an interested reader could not be faulted for finding our precedent in First Step Act cases less than clear. But we have affirmed brief orders in First Step Act cases, such as this one, where the district court had retained a bottom-of-Guidelines sentence. *See Smith*, 958 F.3d at 501.

Bailey cites a pair of out-of-circuit cases to support his contention that the district court should have provided a more comprehensive explanation. However, those cases are not binding, nor do we find their reasoning persuasive. First, in the two cases Bailey cites, neither district

court considered the respective defendant's admirable post-conviction conduct. *See United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020); *see also United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019). The court here did just that, commending Bailey for "his incident/discipline-free history and completion of drug education classes[.]" Second, these cases conflict with this court's previous holdings that reconsiderations like the one the district court engaged in here were enough to satisfy the First Step Act. *See, e.g.*, *Smith*, 958 F.3d at 501; *see also United States v. Michael*, 836 F. App'x 408, 413 (6th Cir. 2020) (holding that the district court did not abuse its discretion in issuing a "fairly simple" explanation consisting of two sentences when granting a reduced sentence).

Although the district court's order was brief, it referred to multiple § 3553(a) factors and gave them "renewed" consideration. And the district court was correct to conclude that Bailey's status as a career offender meant that the First Step Act did not ultimately affect his Guidelines range, thus keeping his sentence the same after the "renewed" consideration. In sum, the district court had discretion under the First Step Act to reduce Bailey's sentence, but its refusal to do so cannot be considered an abuse of its discretion.

Substantive Unreasonableness

Bailey next argues that the district court abused its discretion by upholding a substantively unreasonable sentence. A sentence is substantively reasonable "if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Moon*, 808 F.3d 1085, 1090 (6th Cir. 2015) (citations omitted). "[W]e may presume that sentences within the Guidelines are reasonable[.]" *United States v. Ushery*, 785 F.3d 210, 223 (6th Cir. 2015).

A sentence may be substantively unreasonable if it is "greater than necessary" when juxtaposed against the sentencing factors of 18 U.S.C. § 3553(a). *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020); *see also Moon*, 808 F.3d at 1090 ("[A] sentence is substantively unreasonable when the district court selects a sentence arbitrarily, bases the

sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." (cleaned up)).

Bailey claims that his "career offender sentence is substantively unreasonable because it rests on an impermissible reason, creates unwarranted disparity rather than avoids it, and is demonstrably greater than necessary." Essentially, he argues that his "sentence is too long." *Cf. United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). This is an "uphill climb" for Bailey, one he cannot make. *United States v. Faulkner*, 926 F.3d 266, 273 (6th Cir. 2019).

First, Bailey has not shown that his sentence rests on an impermissible reason. He relies on *Tapia v. United States*, 564 U.S. 319 (2011), to argue that the original district court's mentioning of rehabilitation in its written statement of reasons should be disqualifying. It is true that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Id*. at 335. But this does not mean that a court cannot discuss rehabilitation at all. And it certainly does not mean that reversal is required just because rehabilitation was mentioned. *See id.*; *see also United States v. Krul*, 774 F.3d 371, 375 (6th Cir. 2014) (noting that *Tapia* "cannot mean that reversal is required whenever it is merely possible that rehabilitation drove the length of imprisonment").

Nor does the district court's refusal to reduce Bailey's sentence create unwarranted sentencing disparities. Within-Guidelines sentences such as Bailey's help reduce disparities, not create them. Indeed, this is "[t]he point of the [G]uidelines[.]" *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011). Although Bailey presumably wants a below-Guidelines sentence, such a claim is "an unconventional ground for challenging a *within-[G]uidelines* sentence." *Id*. (emphasis in original). And arbitrarily picking and choosing sentences to push below the recommendations of the Guidelines would create a different sort of disparity, one we choose to avoid.

Finally, Bailey's sentence is not "greater than necessary." *Cf. Holguin-Hernandez*, 140 S. Ct. at 766–67. As we have noted, his sentence remains well within the Guidelines for a career offender. And the career-offender classification was correctly applied to Bailey as a result of his previous convictions. To the extent that Bailey argues that the district court erred in

considering these violent aspects of his criminal history, we have confirmed that "a district court may still consider . . . relevant information about the defendant's history and conduct" when exercising its discretion to reduce certain sentences under the First Step Act. *United States v. Foreman*, 958 F.3d 506, 511 (6th Cir. 2020) (quoting *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020) (cleaned up)). The district court did not abuse its discretion in refusing to modify Bailey's presumptively reasonable, within-Guidelines sentence.

## III.

The district court plainly had the authority to reduce Bailey's sentence, but neither the First Step Act nor the Fair Sentencing Act required it to do so. Nor was its decision not to reduce his sentence an abuse of discretion. We **AFFIRM** the district court's order.

————————————

**CONCURRENCE**

————————————

RONALD LEE GILMAN, Circuit Judge, concurring.  At the end of the day, I reluctantly concur in the lead opinion's analysis.  But I write separately to explain why I find the procedural-reasonableness question to be such a close call.

The essential problem in this case is the very brevity of the district court's decision.  In considering whether to reduce Bailey's sentence under the First Step Act, the court held no hearing and thus produced no transcript.  Its entire reasoning is set forth in the following two sentences from the one-page form order that the court entered on March 27, 2020:

> [T]he First Step Act's provisions did not affect defendant's guideline range as a career offender, so even after a sentence reduction pursuant to the First Step Act, his guideline range would remain 360 months' to life imprisonment. . . . While the Court commends defendant for his incident/discipline-free history and completion of drug education classes, the Court does not find that defendant's conduct while incarcerated provides a sufficient basis for reducing defendant's sentence considering his categorization as a career offender and the fact that defendant's sentence already reflects a term of imprisonment at the low-end of the guideline range.

The key question is whether this explanation is procedurally reasonable.

**I.  This court's caselaw on procedural reasonableness**

A bit of background might prove helpful here.  One could be forgiven for describing our precedents regarding the procedural requirements for deciding First Step Act motions as less than clear.  We have told the district courts that "necessary review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the [18 U.S.C.] § 3553(a) factors." *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020).  But we have also said that a district court's bare recitation that it "had taken into account the [§ 3553(a)] factors . . . is often enough." *United States v. Barber*, 966 F.3d 435, 439 (6th Cir. 2020) (citations and internal brackets omitted); *see also United*

*States v. Michael*, 836 F. App'x 408, 413 (6th Cir. 2020) (concluding that a one-sentence form order was sufficiently thorough).

We have also cautioned that a "district court need not respond to every sentencing argument" so long as "the record as a whole [] indicate[s] the reasoning behind the court's sentencing." *Id*. at 412 (citing *Rita v. United States*, 551 U.S. 338, 356–59 (2007)). But we have reversed a district court's "reasoned opinion" denying a sentence reduction, even though we agreed with its overall analysis, because the court did not mention the defendant's argument regarding his post-conviction conduct. *United States v. Williams*, 972 F.3d 815, 816, 817 (6th Cir. 2020).

Finally, we have explained that "[w]hen considering the adequacy of the district court's explanation for its decision regarding a sentencing modification, we consider the record both for the initial sentence and the modified one." *Id*. at 817 (citing *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967–68 (2018)). But we have also held on multiple occasions that courts may not rely on the original balancing of the § 3553(a) factors without conducting a renewed consideration of those factors, as *Boulding* requires. *United States v. Ross*, 858 F. App'x 840, 842 (6th Cir. 2021); *United States v. Domenech*, 819 F. App'x 341, 344 (6th Cir. 2020).

Although much of this caselaw appears to be contradictory, I perceive two guiding principles that can be divined from these cases. The first is that a court's order will not be deemed insufficiently thorough based on length alone. *See, e.g.*, *Michael*, 836 F. App'x at 413 (rejecting the defendant's argument "that the district court abused its discretion because its explanation of his sentence reduction was too short"). But the record must show that the district court considered the defendant's properly raised mitigation arguments regarding the reconsideration of the § 3553(a) factors, which means that the court must address—either explicitly or implicitly—arguments that were not addressed at the initial sentencing. *Compare Williams*, 972 F.3d at 817 (concluding that the district court's failure to mention the defendant's argument regarding his post-conviction conduct warranted vacatur because "that conduct by definition occurred after his initial sentencing in 2005, which means that neither the record for his initial sentence nor for his First Step Act motion provides us any indication of the district court's reasoning as to that [argument]"), *with United States v. Smith*, 958 F.3d 494, 501 (6th Cir.

2020) (approving a one-sentence form order denying a reduction in sentence and noting that "[t]here was not anything more the district court needed to say to impose a sentence at the bottom of the Guidelines, with the benefit of the earlier sentencing transcript, and presented with no new mitigation arguments"). We therefore look to the record of the initial sentencing only insofar as it is necessary to determine what the district court considered in deciding whether to modify a sentence under the First Step Act.

The second guiding principle is based on the unique procedural characteristics of First Step Act cases. As was the case here, "[t]he judges considering First Step Act motions will frequently not be the original sentencing judges because of the length of sentences in crack-cocaine and cocaine-base cases." *United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020). And "because the original sentences in these cases were largely dictated by the high mandatory minimums, defense counsel may have prioritized or raised different arguments than he or she would have if the defendant had been subject to a lower mandatory minimum sentence or no mandatory minimum at all." *Id.* (citation omitted). This heightens the importance of ensuring that district courts address any new mitigation arguments when deciding First Step Act motions.

## II. Application of the law to the present case

Applying the aforementioned principles here, the district court's order denying Bailey's motion for a reduced sentence under the First Step Act was just barely reasonable from a procedural viewpoint. Bailey raised three new mitigation arguments relating to the reconsideration of the § 3553(a) factors: (1) the disparity between his sentence and the sentences currently being meted out for the same offense; (2) his diminishing likelihood of recidivism; and (3) his spotless prison record and pursuit of educational opportunities.

The district court addressed only the third argument in its brief order, but the other two specific arguments advanced by Bailey did not require a direct response because, for the reasons explained below, they were not required to be considered in the court's sentencing decision. *See United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020) (explaining that "procedural review of a sentence concerns the propriety of the factors that go into a sentence").

Bailey's first argument was that the district court erred in failing to consider data contained in a 2016 report by the United States Sentencing Commission, which showed that "mixed category" career offenders (i.e., career offenders like Bailey who have committed both drug-trafficking and violent crimes) regularly receive below-Guidelines sentences. He did not raise his sentencing-disparity argument before the district court, so we review that argument under the plain-error standard. *See United States v. Sherill*, 972 F.3d 752, 769, 770 (6th Cir. 2020).

At oral argument, Bailey contended that even though he did not raise this argument to the district court, that court was required to consider the Sentencing Commission's data in its consideration of unwarranted sentencing disparities, which is a § 3553(a) factor. *See* 18 U.S.C. § 3553(a)(6). "But nowhere have we required a district court to consult the Sentencing Commission's collected data before issuing a sentence." *United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021). Although we have *permitted* courts to consider research compiled by the Sentencing Commission, *United States v. Blackman*, 678 F. App'x 400, 401 (6th Cir. 2017), "we have never adopted the view that district courts *must* consider national sentencing statistics, whether when entering a within-Guidelines sentence or one that falls outside the Guidelines range[,]" *Hymes*, 19 F.4th at 936 (emphasis in original).

We recently "expressly reject[ed] imposing such a requirement on district courts" because, to do so, "would elevate the Commission's statistical data over the text of the Guidelines themselves." *Id.*; *see also United States v. Barcus*, 892 F.3d 228, 235 (6th Cir. 2018) ("[C]hanging the Guidelines to correspond to new empirical data is in the hands of the Commission, not this court."). The Guidelines themselves are meant to help maintain national uniformity in sentences, so "by initially and correctly determining what [Bailey]'s advisory Guidelines range would be, the [district] court necessarily . . . took account of the national uniformity concern embodied in § 3553(a)(6)." *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008).

Bailey's recidivism argument is also based largely on data from the Sentencing Commission that, according to him, shows (1) that career offenders with mixed criminal histories of both drug and violent offenses do not reoffend at a rate greater than those sentenced under the

ordinary drug Guidelines; and (2) that the average rate of rearrest for federal offenders drops sharply after age 45, including for those convicted of drug offenses. As with the sentencing-disparity data, the district court was not required to consider this data "because the Commission's writings do not have the force of law." *United States v. Michael*, 836 F. App'x 408, 413 (6th Cir. 2020) (collecting cases). "The district court was thus under no obligation to respond directly to the Commission's stud[ies]." *Id.*

On the other hand, Bailey's argument regarding his post-conviction conduct was directly addressed by the district court. But there is one significant problem: the district court makes no mention of 18 U.S.C. § 3553(a). This fact arguably distinguishes this case from the many others in which we have approved very brief orders denying relief under the First Step Act because the orders in those cases explicitly stated that the district court considered the § 3553(a) factors. *See, e.g.*, *United States v. Smith*, 958 F.3d 494, 501 (6th Cir. 2020).

The government argues that this fact is immaterial because the district court could consider the record from the initial sentencing, where the court analyzed the § 3553(a) factors in detail. I find that argument unpersuasive, however, because the resentencing judge was different from the initial sentencing judge and, as the government conceded at oral argument, there is nothing in the record suggesting that the resentencing judge actually considered anything from the initial sentencing. The circumstances here are therefore materially different from those in *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018), where the Supreme Court held that the record from the defendant's initial sentencing could be considered in determining whether a district court adequately explained its sentence-modification decision.

In *Chavez-Meza*, the Supreme Court explained that the same judge had sentenced the defendant originally, so the record from the initial sentencing reflected the judge's beliefs at the time and "shed[] light" on why the court decided to modify the sentence. *Id.* Not so in this case because the resentencing judge differed from the initial sentencing judge. The record as a whole might contain evidence supporting a particular sentencing decision, but that is irrelevant to the procedural-reasonableness inquiry if there is no indication that the district court actually considered such evidence in making its decision. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (explaining that where "a defendant's argument and supporting evidence presents

an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate").

Nevertheless, we have in at least one instance affirmed a district court's order that did not explicitly state that it had considered the § 3553(a) factors. *See United States v. Boyd*, 835 F. App'x 88, 93 (6th Cir. 2020). We, in fact, explicitly rejected the defendant's argument in *Boyd* that the district court procedurally erred "by not expressly stating that it had in fact considered the § 3553(a) factors." *Id.* That was because the district court's stated reasons for denying the sentence reduction showed that the court had considered and addressed many of the factors, just not explicitly. *Id.*

So too here. The district court's resentencing order addresses the Guidelines range and the only new mitigation argument that the court was required to respond to: Bailey's post-conviction conduct. "[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors." *Pepper v. United States*, 562 U.S. 476, 491 (2011). Specifically, the evidence of Bailey's post-conviction conduct that was considered by the district court "provide[d] the most up-to-date picture of [Bailey]'s 'history and characteristics'" under § 3553(a)(1). *Id.* at 491 (citation omitted).

The district court declined to reduce Bailey's sentence because of his status as a career offender and because he had already received a sentence at the low end of the applicable Guidelines range. These considerations show that the court considered "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A). And "the district judge did consider national uniformity [under § 3553(a)(6)] because the judge determined what the Sentencing Guidelines range would be, a guidelines range that considers the criminal conduct at issue as well as the criminal history of the defendant." *United States v. Simmons*, 501 F.3d 620, 626 (6th Cir. 2007). I am therefore reasonably satisfied that the district judge here did indeed consider the § 3553(a) factors in denying Bailey's motion for a sentence reduction. *See United States v. Banks*, 722 F. App'x 505, 511 (6th Cir. 2018) ("[N]ot all § 3553(a) factors are important in every sentencing; often one or two prevail, while others pale."

(quoting *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007) (internal alterations omitted)).

The preferred practice is for district courts to state explicitly that they have considered the § 3553(a) factors. What is ultimately important, however, is not boilerplate language or "a list of the § 3553(a) factors," but a "reasoned explanation sufficiently thorough to permit meaningful appellate review." *United States v. Ware*, 964 F.3d 482, 487 (6th Cir. 2020) (citation, internal alterations, and internal quotation marks omitted). The district court's order—though not a model of clarity—explicitly addressed Bailey's new mitigation argument and provided just enough detail to confirm that the § 3553(a) factors were considered. I therefore reluctantly concur in the conclusion that the decision to deny Bailey a sentence reduction was procedurally reasonable.