NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0457n.06

No. 22-5847

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 01, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| v. | ) ) ) | |
| CORY MCNEAL, | ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

---

Before: GIBBONS, BUSH, and DAVIS, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Cory McNeal moved for a discretionary sentence reduction under the First Step Act. The district court declined McNeal's request, leaving in place his 262-month sentence. McNeal contends that the court abused its discretion. It did not, so we affirm.

**I.**

**A.    Initial Sentencing**

Cory McNeal pleaded guilty in 2008 to conspiring to distribute, and to possessing with the intent to distribute, 5 grams or more of cocaine base ("crack") and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Because McNeal had prior convictions for possessing and delivering drugs, and because his instant offense qualified as a "controlled substance offense" at the time, the district court sentenced him as a career offender under U.S.S.G. § 4B1.1. Under that Guidelines enhancement, a defendant's base offense level is determined by

the statutory maximum sentence he may receive. U.S.S.G. § 4B1.1(b). And because of the quantity of drugs that McNeal possessed in his instant offense, the government filed a discretionary notice under 21 U.S.C. § 851 that McNeal was subject to a mandatory sentence of ten years to life imprisonment. Because the § 851 enhancement increased his statutory maximum sentence to life, his base offense level rose to 37. From there, the district court reduced his offense level by 3 points because he pleaded guilty and, based on his revised offense level and criminal history category of VI, calculated a Guidelines range of 262 to 327 months' imprisonment. All told, McNeal was sentenced in 2009 to 262 months' imprisonment and 8 years' supervised release.

**B.      Post-Sentencing Developments**

Just a year later, Congress passed the Fair Sentencing Act, which reduced the sentencing disparity between crack cocaine and powder cocaine offenses from 100-to-1 to 18-to-1. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Congress made those changes retroactive when it passed the First Step Act in 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Usually, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But an exception to that rule states that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). Through the First Step Act, courts have discretion to modify sentences that meet the statute's requirements. *See United States v. Maxwell*, 991 F.3d 685, 689 (6th Cir. 2021).

Section 404 of the First Step Act permits a defendant to move for a reduced sentence if (i) he committed a "covered" offense, or one for which the statutory penalty was modified by §§ 2 or 3 of the Fair Sentencing Act; (ii) his offense was committed before August 3, 2010; and (iii) he had not previously moved for and been denied a sentence reduction under the First Step Act. § 404,

132 Stat. at 5222. Even if the defendant qualifies for a sentence reduction, nothing in the First Step Act requires a court to reduce his sentence. *Id.* at § 404(c).

The First Step Act also reduced some mandatory minimums and altered the prerequisites for certain enhanced recidivist penalties. § 401, 132 Stat. at 5220. This included requiring that the predicate offense for an enhancement under 21 U.S.C. § 851 be a "serious drug felony" or "serious violent felony," rather than a "felony drug offense." § 401(b), 132 Stat. at 5221 (changing the language found in 21 U.S.C. § 841). However, the revised penalties in § 401 are not available to defendants sentenced before December 21, 2018. § 401(c), 132 Stat. at 5221; *see also United States v. Bonds*, 858 F. App'x 873, 876 (6th Cir. 2021) ("Because the First Step Act became effective on December 21, 2018, well after [the defendant] received his enhanced sentence, any retroactive effects of section 401 do not apply to [him].").

## C.     Procedural History

In 2020, McNeal moved pro se for a sentence reduction under the First Step Act. His motion was then supplemented several times by counsel, and he ultimately requested the court reduce his sentence to 188 months. Relying on this court's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), McNeal contended that he no longer qualified for the career offender enhancement.[1] He also argued that, because § 401 of the First Step Act provides that only a "serious drug felony" qualifies as a predicate offense triggering a § 851 enhancement, he was not subject to that enhancement either. Finally, he asked the court to consider his rehabilitative efforts and what his sentence would be if he was sentenced today when balancing the 18 U.S.C. § 3553(a) factors.

---

[1] In a supplemental brief, McNeal acknowledged that he "remain[ed] in the career offender guideline" because his offense included conspiracy to distribute over 500 grams of cocaine. Supp. Mot. for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act, R. 620, PageID 2614.

The government conceded that McNeal was eligible for a sentence reduction because the Fair Sentencing Act reduced the statutory penalty for convictions involving crack under § 841(b)(1)(B). But it disagreed that his sentence should be reduced. Because McNeal was convicted of conspiring to distribute both 5 grams crack *and* 500 grams cocaine, and because the Fair Sentencing Act did not reduce the statutory penalty for a cocaine conviction under § 841(b)(1)(B), the government explained that McNeal's Guidelines range would not change after applying the Fair Sentencing Act. In other words, McNeal's conspiracy to distribute triggered the same statutory penalty in 2020 as it did in 2009.

The district court determined that McNeal was eligible for a sentence reduction but that a reduction was not warranted. It agreed with the government that because McNeal was convicted of conspiring to distribute 500 grams of cocaine, the Fair Sentencing Act did not affect his Guidelines range or his career offender status. The court did not remove the § 851 enhancement but noted that it had "considered" the effect § 401 of the First Step Act would have had if the statute had "been in effect at the time of his sentencing." Order on Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018, R.657 at PageID 3201. It also acknowledged that it considered the effect of *Havis* and of the § 3553(a) factors, but concluded that neither consideration justified reducing his sentence.

McNeal now appeals the district court's denial of a sentence reduction, insisting that it made a legal error when it declined to remove the career offender enhancement from his recalculated Guidelines range and that it abused its discretion in failing to grant him relief.

**II.**

We have jurisdiction under 28 U.S.C. § 1291. *See United States v. Smithers*, 960 F.3d 339, 344–45 (6th Cir. 2020). We review a district court's denial of a motion for a sentence reduction

4

under the First Step Act for an abuse of discretion. *United States v. Bailey*, 27 F.4th 1210, 1214 (6th Cir. 2022). The district court abuses its discretion in a sentencing proceeding if it "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)).[2] Its sentencing decision must also be procedurally and substantively reasonable. *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018); *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020).

The First Step Act affords district courts broad discretion and, other than identifying "legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes," our review should not be "overly searching." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

Even when a defendant is eligible for a sentence reduction under the First Step Act, "[n]othing in [section 404 of the Act] shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222. When a court elects to impose a reduced sentence, it must follow a two-step process in which the Guidelines remain the benchmark. *Gall v. United States*, 552 U.S. 38, 49 (2007). First, it must recalculate the movant's Guidelines range to reflect the retroactive application of the Fair Sentencing Act. *Concepcion*, 142 S.Ct. at 2402. This benchmark Guidelines range "anchor[s]" the sentencing proceeding. *Id.* at 2396, 2402 n.6 (quoting *Peugh v. United States*, 569 U.S. 530, 541 (2013)). Second, the district court must

---

[2] McNeal asserts that we should review de novo the district court's refusal to remove his career offender status from his recalculated his Guidelines range because it made a legal conclusion regarding *Havis*'s applicability. But abuse of discretion review of resentencing decisions like this one includes consideration of whether the district court improperly applied the law in exercising its sentencing discretion, as McNeal argues the court did here. *See Flowers*, 963 F.3d at 497. If the district court had concluded it lacked authority to reduce McNeal's sentence under the First Step Act, we would review that legal determination de novo. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). But because the court determined McNeal was eligible for a sentence reduction and exercised its discretion to decline to modify his sentence, the de novo standard of review does not apply.

consider the factors outlined in 18 U.S.C. § 3553(a) to "ensure that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498.

## A.     Guidelines Recalculation

McNeal argues that the district court legally erred in refusing to apply this court's holding in *Havis* to remove the career offender enhancement from his recalculated Guidelines range. We disagree. In *Havis*, we held that attempted drug-trafficking offenses are not controlled substance offenses that would trigger the career-offender enhancement. 927 F.3d at 387. We extended that holding to drug-conspiracy offenses in *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020). If sentenced today, McNeal would not be designated a career offender because his drug-conspiracy offense no longer serves as a predicate offense for the enhancement. § 401(b), 132 Stat. at 5221. That said, the district court did not err in failing to consider *Havis* and, in fact, could not have applied that decision when recalculating McNeal's Guideline range.

The First Step Act authorizes courts to modify a defendant's sentence if the statutory penalty for his offense was altered by §§ 2 or 3 of the Fair Sentencing Act. § 404(c), 132 Stat. at 5222. Courts opting to recalculate a movant's Guidelines range may only make changes that reflect the retroactive application of the First Step Act. *Concepcion*, 142 S.Ct. at 2402 n.6; *see United States v. Akridge*, 62 F.4th 258, 265 (6th Cir. 2023). At that stage, the effect of the Fair Sentencing Act on the Guidelines calculation is the only variable of the original sentence the court is permitted to modify. *Maxwell*, 991 F.3d at 689; *see also United States v. Woods*, 61 F.4th 471, 478 (6th Cir. 2023). Once the court properly calculates the Guidelines range, it may *then* consider other factors such as post-sentencing conduct or nonretroactive changes in the law as part of its analysis of the § 3553(a) factors. *Concepcion*, at 2396, 2402, n.6; *see also Maxwell*, 991 F.3d at 689 (The First Step Act "asks the court to sentence [the movant] 'as if' the crack-cocaine

sentencing range had been reduced under the Fair Sentencing Act of 2010, not as if other changes had been made to sentencing law in the intervening years."); *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021).

McNeal contends that the district court should have applied *Havis* and removed his career offender status when it recalculated his Guidelines range because *Concepcion* requires district courts to apply all retroactive changes at resentencing. The thrust of his argument is that, because *Concepcion* held that courts *can* consider unrelated changes in the law—which McNeal characterizes as "nonretroactive" changes—in its consideration of the § 3553(a) factors, it impliedly held that the court *must* consider related, or "retroactive," changes. Appellant Br. at 29–31. This fails for two reasons.

First, as we explained in *Woods* when rejecting an argument nearly identical to the one McNeal makes here, McNeal reads *Concepcion* and the First Step Act too broadly. *Woods*, 61 F.4th at 479. The statute requires the resentencing court to apply "only those changes that 'reflect the retroactive application of the Fair Sentencing Act,'"—namely, changes to the statutory penalties for crack—when recalculating a movant's Guidelines range. *Id.* (quoting *Concepcion*, 142 S. Ct. at 2402 n.6). It does not permit the district court to consider changes unrelated to the Fair Sentencing Act at the Guidelines calculation stage. *Id.*; *accord Maxwell*, 991 F.3d at 689. Because *Havis*'s change to the Guidelines definition of "career offender" cannot be attributed to the Fair Sentencing Act, it would be improper for the district court to consider the decision when recalculating McNeal's benchmark Guidelines range. *Woods*, 61 F.4th at 479; *Akridge*, 62 F.4th at 265.

Second, even if McNeal's reading of *Concepcion* were correct that resentencing courts must apply retroactive changes, *Havis* is not retroactive. *United States v. McCall*, 56 F.4th 1048,

1061 (6th Cir. 2022) (en banc); *accord United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022) (same). Neither is *Cordero*. *Akridge*, 62 F.4th at 265 ("[S]ince *Cordero* merely extends *Havis* to a related set of offenses, it doesn't apply retroactively either."). And the First Step Act "does not require district courts to account for all other Guidelines changes [unrelated to the Fair Sentencing Act], including *Havis*'s change to the career-offender definition." *Woods*, 61 F.4th at 479.

Because the district court was neither required nor permitted to account for *Havis* in its initial Guidelines recalculation, we hold that it did not abuse its discretion in declining to remove the career offender enhancement from McNeal's Guidelines range.

**B.      Procedural and Substantive Reasonableness**

McNeal also claims that his sentence was procedurally and substantively unreasonable. We again disagree.

A sentencing decision is procedurally unreasonable when the district court improperly calculates the Guidelines range, treats the Guidelines range as mandatory, fails to consider the § 3553(a) factors, or fails to adequately explain the chosen sentence to allow for meaningful appellate review. *Gall*, 552 U.S. at 51; *see also Woods*, 61 F.4th at 477–78. It is substantively unreasonable if the length of the sentence does not conform with the sentencing goals set forth in § 3553(a) or if the district court abused its discretion in concluding that the § 3553(a) factors supported the sentence imposed. *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020). "In short, procedural review of a sentence concerns the propriety of the factors that go into a sentence; substantive review assesses the reasonableness of the sentence that results." *Id.* Because district courts have broad discretion in deciding whether to reduce a sentence, our review is highly deferential. *Concepcion*, 142 S.Ct. at 2404.

McNeal argues that his sentence is procedurally unreasonable for two reasons. First, he submits that the district court's explanation of its decision was lacking because the court did not engage in a renewed review of the § 3553(a) factors or explain why a 262-month sentence was appropriate when McNeal's Guidelines range, if he was sentenced today, would be far less. Appellant Br., at 44. Second, he states that the district court's decision relied on the mistaken belief that McNeal's career offender sentence accurately predicted his risk of recidivism, despite a 2016 report from the Sentencing Commission suggesting otherwise.

The district court did not procedurally err in denying McNeal a sentence reduction. The court accurately calculated McNeal's amended Guidelines range and engaged in a thorough renewed consideration of the § 3553(a) factors, including considering the non-frivolous arguments raised by McNeal. *Boulding*, 960 F.3d at 784; *United States v. Gunter*, 620 F.3d 642, 645–46 (6th Cir. 2010). It first applied the Fair Sentencing Act to recalculate his Guidelines range after determining that McNeal was eligible for a sentence reduction under the First Step Act. It found that the range would stay the same because the statute did not alter the penalty associated with conspiracy to distribute 500 or more grams of cocaine. It then noted that it had carefully considered McNeal's arguments and the § 3553(a) factors.

Contrary to McNeal's contention, the district court does not need to respond to every argument a party makes, but instead "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Concepcion*, 142 S.Ct. at 2404 (noting the court need not "articulate anything more than a brief statement of reasons."). The appropriateness of the brevity, conciseness, and contents of a district court's sentencing order depends on the circumstances at hand. *Chavez-Meza v. United States*, 138 S.Ct. 1959, 1964 (2018). Although the district court's order was concise, it specifically explained that it had considered the § 3553(a)

factors, McNeal's evidence of rehabilitation, and his arguments. It also considered the effects this court's decision in *Havis* and § 401 of the First Step Act would have on McNeal's sentence if he had been sentenced today. The court's conclusion that the First Step Act did not change his Guidelines range because of his career offender status thus reflected a sufficient "renewed" consideration. *See*, *e.g.*, *Bailey*, 27 F.4th at 1215. Lastly, to the extent the district court did not consider the 2016 Sentencing Commission report regarding McNeal's risk of recidivism, it "had no obligation to consider the report, much less vary downward on that basis." *United States v. Pope*, No. 21-1054, 2022 WL 2064682, at *5 (6th Cir. June 8, 2022).

McNeal contends his sentence is substantively unreasonable because it creates an unwarranted disparity between him and similarly situated defendants sentenced today, as well as others involved in the instant drug conspiracy.

The district court did not substantively err in denying McNeal a sentence reduction either. "The starting point for substantive reasonableness review is the Guidelines range, because 'in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Perez-Rodriguez*, 960 F.3d at 754 (quoting *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)) (internal quotations omitted). Within-Guidelines sentences, like the one McNeal received, are presumptively reasonable. *United States v. Fleischer*, 971 F.3d 559, 567 (6th Cir. 2020). McNeal has not overcome that presumption.

McNeal's attempt to compare the sentences for those convicted of drug conspiracy offenses today with the sentence he received is misplaced because it does not account for other factors affecting his sentence, including his extensive criminal history, which resulted in application of the career offender enhancement. Instead, McNeal would do better to compare his sentence to the

sentences received by defendants with similar criminal records, and who were found guilty of similar conduct at the time McNeal committed his offense. § 3553(a)(6). The comparison between his sentences and those received by his co-conspirators falls short for the same reason. Neither co-conspirator was a career offender, and both received downward variances, resulting in initial sentences far shorter than what McNeal received.

## III.

In sum, the district court did not abuse its discretion in denying McNeal's motion for a reduced sentence under the First Step Act. We therefore **AFFIRM** the judgment of the district court.